IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY PRICE,

                Petitioner,

       v.                                CASE NO. 05-3328-SAC

CHARLES SIMMONS,

                Respondent.


**O R D E R**

This matter comes before the court on a petition for habeas corpus that has been liberally construed as a petition filed pursuant to 28 U.S.C. § 2241.

**Background**

Petitioner is incarcerated in California. In 2003, the Kansas Department of Corrections filed a detainer against him.

Petitioner filed an action pursuant to K.S.A. 60-1501 in the District Court of Shawnee County, Case No. 05C504, alleging that he is entitled to a final hearing on the revocation of his Kansas parole. The district court determined that petitioner is not entitled to an adversary parole violation hearing until the completion of his California sentence and granted respondents' motion to dismiss that action without prejudice. (Doc. 1, Attach., Memorandum Decision and Order, Dist. Ct. Shawnee Co.,

Case No. 05C504, 6/15/05). Petitioner did not file an appeal; instead, he filed this action on August 1, 2005.

By an order entered on August 16, 2005, this court directed petitioner to show cause why this matter should not be dismissed without prejudice due to his failure to fully exhaust state court remedies before he commenced this habeas corpus action. The court advised petitioner that the pendency of this action would not toll the time for filing an appeal from the state court action.

Petitioner filed a timely response (Doc. 3). He contends, in part, that there is an absence of state court remedies.

## Discussion

Generally, a petitioner seeking relief pursuant to § 2241 is required to exhaust state court remedies. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). The exhaustion of state remedies requires a petitioner to properly present the same claims in the highest court on direct appeal or in a post-conviction action. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Here, petitioner did not file an appeal following the dismissal of his state court action. The dismissal by the state district court, however, is not sufficient to warrant a finding of futility. The exhaustion doctrine was developed to further doctrines of comity and judicial economy. See Rose v. Lundy, 455

2

U.S. 509, 518 (1982)(doctrine of comity "teaches that one court should defer action...until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.") Petitioner's failure to pursue state appellate remedies denied the state appellate courts the opportunity to consider his claims. His belief that he would not prevail in the appellate courts is not sufficient to establish the futility of exhausting state court remedies.

Moreover, petitioner's failure to seek review in the state appellate courts constitutes a procedural default of his claims. Petitioner can overcome that default only by showing cause for the failure and actual prejudice arising from the alleged violation of federal law or by showing that the failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The court finds the present record does not support a finding of cause, as it is plain that the petitioner simply chose not to pursue state court remedies. Finally, because the dismissal of the state court action was a dismissal without prejudice, the court finds no basis to conclude that the failure to consider his claim would constitute a fundamental miscarriage of justice.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 14th day of February, 2006, at Topeka, Kansas.

                          S/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge